UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff(s), ) <br> ) <br> v. ) <br> ) <br> RAUL RODRIGUEZ GARCIA, ) <br> ) <br> Defendant(s). ) <br> _____) | No. CR 03-00107 WHA (BZ) <br><br> **ORDER OF DETENTION PENDING SUPERVISED RELEASE VIOLATION HEARING** |

On January 3, 2011, a hearing was held on the government's motion to detain defendant pending his probation violation hearing, presently scheduled before Judge Alsup for January 4, 2011. Defendant was present with counsel, Paul DeMeester. Assistant United States Attorney Derek Owen appeared for the government. Probation Officer Charles W. Mabie was also present.

On December 27, 2010, defendant's probation officer filed a petition alleging that defendant on a number of occasions violated the condition of his supervised release that he reside in a halfway house and observe its rules. The allegations include that defendant failed to provide

1

1  verification for a number of job sign outs, cursed at a staff
2  member and had a container in his room which smelled of an
3  alcoholic beverage.  The Duty Judge found probable cause and
4  issued a no bail warrant for defendant's arrest.
5       Because the defendant is charged with a supervised
6  release violation, the burden of establishing that he is not a
7  flight risk or a danger to the community rests with the
8  defendant.  Fed. R. Crim. P. 32.1(a)(6); 18 U.S.C. 3143.
9  Those sections provide that a defendant shall be detained
10 pending his revocation hearing unless the defendant
11 establishes by clear and convincing evidence that he is
12 neither a risk of flight nor a danger to the community.
13      Having considered the proffers by the parties and the
14 probation officer, and the arguments of counsel, I find that
15 the defendant has not established by clear and convincing
16 evidence that he is not a risk of flight nor a danger to the
17 community.
18      Defendant was detained after he initially appeared before
19 me in March of 2003, suggesting he was then considered a risk
20 of flight or a danger to the community or both.  He was
21 subsequently convicted and sentenced.  As part of his sentence
22 he was to reside for four months following his custodial term
23 in a halfway house.  He has had a series of problems in the
24 halfway house which have lead to prior petitions and to
25 modifications of the conditions of release.  In connection
26 with one earlier proceeding, he failed to appear and an arrest
27 warrant was issued on August 25, 2010.  In addition, his
28 desire to be released raises this anomalous situation; that he

2

1 would be "rewarded" is in the short term at least for his
2 alleged misconduct by being allowed to live with his parents
3 until his hearing.

4 I therefore find that he has not persuaded me by clear
5 and convincing evidence that he is no longer a danger to the
6 community or a risk of flight and I further find that he is
7 not amenable to supervision.

8 Therefore, pursuant to 18 U.S.C. § 3143(a), **IT IS ORDERED**
9 that:

10     (1) defendant, Raul Rodriguez Garcia, be, and hereby is,
11         committed to the custody of the Attorney General for
12         confinement in a suitable facility where he shall be
13         afforded reasonable opportunity for private
14         consultation with his counsel; and

15     (2) on order of a court of the United States or on
16         request of an attorney for the government, the
17         person in charge of the corrections facility in
18         which the defendant is confined shall deliver the
19         defendant to an authorized Deputy United States
20         Marshal for the purpose of any appearance in
21         connection with a court proceeding.

Dated: January 3, 2011

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\CRIMINAL\ORDERS\DETENTIO\2011\RAUL RODRIGUEZ GARCIA DETENTION ORDER.wpd

3